AMERICAN AUTOMATON WEIGHING MACH. Co. *et al. v.* BLAUVELT.

(*Circuit Court, E. D. New York.* April 29, 1892.)

1. PATENTS FOR INVENTIONS—OPERATIVE DEVICE—AUTOMATIC WEIGHING MACHINE.
   Letters patent No. 336,043, issued February 9, 1886, to Percival Everett, claims: "A weighing machine, having an aperture for receiving a coin, a weighted lever, a dial, and index hand, and intermediate mechanism connected with the same, and whereby the coin, when deposited in the receiver, shall operate the lever, and cause the hand to indicate the weight of the person or body being weighed." *Held,* that the claim is for the machine as a whole, having the parts mentioned, and, as the patent refers to all parts necessary to make it complete and operative, the claim is to be read with reference to such known and described parts, and therefore covers an operative machine.

2. SAME—INVENTION—NOVELTY.
   The patent possesses both invention and novelty, for, although a weighted lever, operated by a coin put through a slot, had been used for various other purposes, these elements had never been combined with mechanism to form a weighing machine.

3. SAME—INFRINGEMENT—EQUIVALENTS.
   The patent is infringed by a weighing machine having the elements claimed, even though the intermediate mechanism by which the weighted lever operates the index is very different from that of the patent, since, both being old, one is merely the equivalent of the other.

In Equity. Bill by the American Automaton Weighing Machine Company and the National Weighing Machine Company against James M. S. Blauvelt, for infringement of a patent. Decree for complainant.

*Edwin H. Brown,* for complainant.

*Theron G. Strong* and *Charles F. Mathewson,* for defendant.

WHEELER, District Judge. This suit is brought for infringement of the first claim of letters patent No. 336,043, granted February 9, 1886, to Percival Everett, for a weighing machine that will indicate weight on a dial, only when a coin is put into a slot, and falls upon a weighted lever, and by intervening mechanism carries an index over the dial until it is stopped by the weighing mechanism, where it will indicate the weight. This claim is for—

"A weighing machine, having an aperture for receiving a coin, a weighted lever, a dial, and index hand, and intermediate mechanism connected with the same, and whereby the coin, when deposited in the receiver, shall operate the lever, and cause the hand to indicate the weight of the person or body being weighed."

The defenses, in substance, are lack of patentable invention, want of novelty, and noninfringement. The patent is not for any weighing apparatus, nor for the slot, or weighted lever, or dial and index, or

mechanism between the lever and index, but is for a weighing machine as a whole, having those parts, with such other known parts as are necessary to constitute such a machine. If no parts were to go into the machine but those mentioned in this claim, it would, as argued, be wholly inoperative. But the patent describes or refers to all such other parts as are necessary to make it complete and operative, and the claim is to be read with reference to such other described or known parts. *Loom Co.* v. *Higgins,* 105 U. S. 580. When so read, it seems to well set out and cover an operative machine containing these several parts working together to accomplish the result sought. It appears to be as specific, and to as well describe these parts as operating in this machine for its purposes, as either of the four claims sustained in *Morley S. M. Co.* v. *Lancaster,* 129 U. S. 263, 9 Sup. Ct. Rep. 299, did the patented parts of the machines there for their purposes. Each of these parts was old, was referred to as known, and had been in use before; but no such machine had ever been made before, and they had never been brought together for that or any other purpose before. They were not merely made to act as they had separately done before, but were made to act together in this new machine to accomplish its purposes as they had never done before. Contriving such a machine from these and other things seems clearly to have been invention, and making it, if new, a patentable invention.

The prior things relied upon to show want of novelty are chiefly ancient vessels, from which holy water would be released by a coin put through a slot, and falling upon a weighted lever and opening a valve; and vending machines, in which the coin, by operating a weighted lever, releases a drawer. In all of them there were the weighted lever operated by a coin put through a slot, and other necessary parts for such contrivances; but no weighing mechanism, index, or dial. None of them was, or was at all like, a weighing machine; and causing such simple movements as those by a coin and weighted lever was very different from so connecting weighing mechanism with an index and dial as to show varying weights on the dial by a coin put through a slot and moving a weighted lever. Neither of them, nor anything else produced, seems to come anywhere near anticipating the invention covered by this claim.

The defendant's structure is a weighing machine, having a slot for a coin, a weighted lever, a dial and index, and intermediate mechanism connected with them whereby the coin operates the lever and causes the index to indicate the weight on the dial, the lever releases a part of the intermediate mechanism, which by gravity follows the weighing mechanism as it is moved downward by what is being weighed, and by the other intermediate mechanism carries the index over the dial. The machinery by which the weighted lever operates the index is very different in form from that of the patent; but the claim is not for any particular intermediate mechanism there. Neither is new, and for this purpose one appears to be the equivalent of the other. As a weighing machine, the defendant's structure accomplishes the same thing in sub

stantially the same way as that of the patent, and embodies all the elements of this claim of the patent. Upon these considerations it appears to be an infringement. *Morley S. M. Co.* v. *Lancaster*, 129 U. S. 263, 9 Sup. Ct. Rep. 299. And on the whole the orators appear to be entitled to a decree for an injunction and an account, according to the prayer of the bill. Let there be a decree for the orators that the first claim of the patent is valid, that the defendant has infringed, and for an injunction and an account, with costs.